UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 02-C-1207

MARIANO L. ROSALES, JR., et al,

    Defendant.

## ORDER FOR SALE

Pursuant to 28 U.S.C. §§ 2001 and 2002, the Court enters this Order of Sale directing the sale of certain real property, described below, in which defendants, Mariano L. Rosales, Jr. and Luz L. Rosales, have an interest, and which is located in Fond du Lac County, Wisconsin.

On August 16, 2005, the Court entered judgment against defendants Mariano L. Rosales and Luz L. Rosales for federal income tax assessments made against them as follows:

| Tax type | Tax period | Taxpayer | Amount* |
| --- | --- | --- | --- |
| Trust Fund Penalty | 1989 | Mariano | $126,455.00 |
| Income | 1995 | Joint | 15,304.14 |
| Income | 1998 | Joint | 33,959.73 |
| Income | 1999 | Joint | 24,337.82 |
| Income | 2000 | Joint | 33,503.49 |
| Income | 2001 | Joint | 22,818.78 |
| Income | 2002 | Joint | 28,680.33 |
| Income | 2003 | Joint | 27,958.55 |
| | | | $305,130.86 |

* These totals include penalties, other statutory additions, and accrued interest computed through July 15, 2005. Interest and other additions will continue to accrue after this date at the rate allowed by law.

That Judgment also allowed the United States to foreclose its federal tax liens against the property interests of defendants Mariano L. Rosales, Jr. and Luz L. Rosales in the following real property (hereinafter "the Properties"):

Property 1: N3494 W. Center Road, Waupun, WI, legally described as—

The Northeast five (5) acres of the Northeast One-Quarter of the Southwest One-Quarter of Section 21 in Township 14 North, of Range 15 East.

Property 2: a 35-acre parcel property adjoining N3494 W. Center Road, Waupun, WI, legally described as—

The North West Quarter (NW - 1/4) of the South West Quarter (SW - 1/4) of Section 21, Township 14 North of Range 15 East, excepting therefrom five (5) acres in the North East Quarter of said property sold to Russell Woods.

Property 3: 600 Fern Street, Waupun WI, legally described as—

Lots numbered One (1), Two (2), Seven (7), and Eight (8), of Block number Three (3) of Parkview Addition to the City of Waupun, according to the plat thereof, as said plat is recorded in the office of the Register of Deeds in and for Fond du lac County, Wisconsin.

Based on the foregoing, IT IS HEREBY ORDERED that the Internal Revenue Service (hereinafter referred to as "IRS" and including its authorized agents or officers) is authorized and directed, under 28 U.S.C. §§ 2001 and 2002, to proceed forthwith, without further order or process, to offer for sale at public auction, to advertise and sell, without appraisal and subject to any unpaid real property taxes or special assessments, to the highest bidder, according to law and pursuant to the terms and conditions set forth herein, the Properties.

IT IS FURTHER ORDERED that this Order shall act as a Special Writ of Judicial Sale, and no further order or process from the Court shall be required.

IT IS FURTHER ORDERED that this sale of real property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

IT IS FURTHER ORDERED that the real property described above shall be sold pursuant to the terms and conditions set forth in this Order and as follows:

1. The IRS and including its agents or officers), is authorized and directed under 28 U.S.C. § 2001, 2002 and 2004 to offer for public sale and to sell the subject property subject to approval of the Court.

2. The IRS is authorized to have free access to the Property until the deed to the Property is delivered to the ultimate purchaser.

3. The terms and conditions of the sale are as follows:

    a.    the sale of the property shall be free and clear of the interests of Mariano L. Rosales, Jr. and Luz L. Rosales;

    b.    the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

    c.    the sale shall be held either at the federal courthouse of the judicial district in which the Property is located, at the office of the IRS or on the Property's premises;

    d.    the date and time for sale are to be announced by the IRS. The IRS is permitted to enter the premises and prospective buyers shall be allowed to inspect the interior and exterior of the property at such time as the IRS shall determine is reasonable and convenient;

    e.    notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Fond du Lac County, and at the discretion of the IRS, by any means deemed appropriate. The notice shall contain a

3

Case 1:02-cv-01207-WCG    Filed 12/05/05    Page 3 of 7    Document 78

description of the property and shall contain the terms and conditions of sale in this order of sale;

f. the minimum bid shall be set by the IRS. If the minimum bid is not met or exceeded, the IRS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary;

g. the successful bidder(s) shall be required to deposit with the IRS $10,000 by certified or cashier's check or cash payable to the United States District Court for the Eastern District of Wisconsin, immediately upon the property being struck off and awarded to the highest bidder. Before being permitted to bid at the sale, bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the payment required by this order of sale;

h. the balance of the sale price shall be tendered to the IRS by certified funds, payable as indicated above, no later than thirty (30) days after the sale is confirmed by the Court;

i. if the bidder fails to pay the sales price in full, the realty shall be again offered for sale by the IRS without further permission of this Court, under the terms and conditions of this order of sale. The United States may bid as a credit against its judgment without tender of cash; and

j. the sale of the property shall be subject to the confirmation by this court. On confirmation of the sale, all interests in, liens against, or claims to the property that are held or asserted by all parties to this action are discharged and extinguished.

k. the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4. Until the property is sold, Mariano L. Rosales, Jr. and Luz L. Rosales shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures

4

and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property. They shall neither commit waste against the property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the property nor cause or permit anyone else to do so. Mariano L. Rosales, Jr. and Luz L. Rosales shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to affect adversely the value of the property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they permit or cause anyone else to do so.

     5. All persons occupying the property shall leave and vacate the property permanently within 30 days from the receipt of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the property by the time specified in this Order, the IRS will coordinate with the United States Marshal for the Easter District of Wisconsin and his deputies to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the IRS will coordinate with the United States Marshal and his deputies to remove it and to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

6. The proceeds arising from sale are to be paid to the Clerk of this Court and will be applied as far as they are sufficient to the following items, in the following manner:

A. With respect to Property 1:

(1)     Fox Valley Savings and Loan (July 13, 1982 mortgage);
(2)     The United States (1989 Trust Fund Recovery Penalty);
(3)     Farmers State Bank (Nov. 6, 1995 mortgage);
(4)     The United States (1995 Income Tax Assessment);
(5)     The United States (1998 Income Tax Assessment);
(6)     The United States (1999 Income Tax Assessment);
(7)     The United States (2000 Income Tax Assessment);
(8)     The United States (2003 Income Tax Assessment);
(9)     State of Wisconsin, Department of Revenue (6/4/04 Income Tax Assessment);
(10)    The United States (2001 Income Tax Assessment);
(11)    The United States (2002 Income Tax Assessment); and
(12)    State of Wisconsin, Department of Revenue (10/11/04 Income Tax Assessments).

B. With respect to Property 2:

(1)     The United States (1989 Trust Fund Recovery Penalty);
(2)     Farmers State Bank (Nov. 6, 1995 mortgage);
(3)     The United States (1995 Income Tax Assessment);
(4)     The United States (1998 Income Tax Assessment);
(5)     The United States (1999 Income Tax Assessment);
(6)     The United States (2000 Income Tax Assessment);
(7)     The United States (2003 Income Tax Assessment);
(8)     State of Wisconsin, Department of Revenue (6/4/04 Income Tax Assessment);
(9)     The United States (2001 Income Tax Assessment);
(10)    The United States (2002 Income Tax Assessment); and
(11)    State of Wisconsin, Department of Revenue (10/11/04 Income Tax Assessments).

C. With respect to Property 3, the funds shall be paid to the Clerk and shall be applied in keeping with the parties' August 25, 1005, Stipulation, which provided that the first three claims to Property 3 (listed without reference to priority) are:

• National Bank of Waupun (March 27, 1986 mortgage);
• The United States (1989 Trust Fund Recovery Penalty); and
• The United States (1995 Income Tax Assessment);

6

and that the priority of the remaining claims is as follows:

>    (4) The United States (1998 Income Tax Assessment);
>    (5) The United States (1999 Income Tax Assessment);
>    (6) The United States (2000 Income Tax Assessment);
>    (7) The United States (2003 Income Tax Assessment);
>    (8) State of Wisconsin, Department of Revenue (6/4/04 Income Tax Assessment);
>    (9) The United States (2001 Income Tax Assessment);
>    (10) The United States (2002 Income Tax Assessment); and
>    (11) State of Wisconsin, Department of Revenue (10/11/04 Income Tax Assessments).

7. The Clerk of Court shall not pay any funds deposited from the proceeds of any sale under this Order without further order of this Court.

**IT IS SO ORDERED**.

Dated this   5th   day of December, 2005.

>                                     s/ William C. Griesbach
>                                     William C. Griesbach
>                                     United States District Judge